IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GENE T. LASKEY,<br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, *Acting*<br>*Commissioner of Social Security*,<br>    Defendant. | CIVIL ACTION NO. 1:18-00162-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gene T. Laskey brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. Upon consideration of the parties' briefs (Docs. 16, 20) and those portions of the administrative record (Doc. 13) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and having held oral argument, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).[1]

### I.  *Background*

Laskey filed an application for a period of disability and DIB with the Social Security Administration ("SSA") on January 28, 2015, alleging disability beginning

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.  (*See* Docs. 22, 23).

June 30, 2012, later amended to September 24, 2014.[2] After his application was initially denied, Laskey requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review, which was held on March 24, 2017. On June 30, 2017, the ALJ issued an unfavorable decision on Laskey's application, finding him not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 7 – 21).

The Commissioner's decision on Laskey's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied his request for review of the ALJ's decision on February 26, 2018. (R. 1 – 5). Laskey subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

---

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III)). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (42 U.S.C. § 423(a)(1)(A) (2005)).

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a

reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[3] "In determining whether substantial evidence exists, [a court] must...tak[e] into account evidence favorable as well as unfavorable to the

---

[3] Nevertheless, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *id.*, and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added).

Moreover, the Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here…reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ….' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam)

(quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB…requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E)…A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A)…

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[4]

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

---

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new

evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Laskey met the applicable insured status requirements through December 31, 2016, and that he had not engaged in substantial gainful activity since September 24, 2014, the amended alleged disability onset date. (R. 12). At Step Two, the ALJ determined that Laskey had the following severe impairments: hypertension and obesity. (R. 12 – 14). At Step Three, the ALJ found that Laskey did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in the Listing of Impairments. (R. 14 – 15). At Step Four, the ALJ determined that Laskey had the residual functional capacity (RFC)[6] "to perform medium work as defined in 20 CFR

---

[6] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. §

404.1567(c),[7] except that he could occasionally climb ladders, ropes, and scaffolds; occasionally crouch; tolerate occasional exposure to dust, fumes, odors, and gases; and never tolerate exposure to unprotected heights or hazardous machinery." (R. 15 – 18).

Based on this RFC and the testimony of a vocational expert (VE),[8] the ALJ determined that Laskey was able to perform past relevant work as an electrical appliance repairer. (R. 18 – 19). Nevertheless, the ALJ proceeded to Step Five and,

---

404.1520(e).

> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

[7] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. § 404.1567.

[8] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

after considering additional VE testimony, found in the alternative that there exist a significant number of jobs in the national economy that Laskey could perform given his RFC, age, education, and work experience. (R. 19 – 20). Thus, the ALJ found that Laskey was not disabled under the Social Security Act. (R. 20 – 21).

## IV. *Analysis*

### a. Additional Severe Impairments

Laskey's first claim of error is that the ALJ reversibly erred in failing to find other severe impairments at Step Two. However, the ALJ found that Laskey had two severe impairments and thus proceeded to the remaining steps of the sequential evaluation for disability. Eleventh Circuit case law is pellucid that, so long as the ALJ finds at least one severe impairment at Step Two, any failure to find additional severe impairments is at most harmless error. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two."); *Burgin v. Comm'r of Soc. Sec.,* 420 F. App'x 901, 902 (11th Cir. 2011) (per curiam) (unpublished) ("The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined

were not severe." (citing *Jamison*, 814 F.2d at 588; *Phillips*, 357 F.3d at 1238)).[9]

Thus, Laskey's first claim of reversible error[10] is **OVERRULED**.

---

[9] *See also Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam) (unpublished) ("[S]tep two requires only a finding of 'at least one' severe impairment to continue on to the later steps. *See Jamison*, 814 F.2d at 588. Further, the regulations state that the only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability. *See* 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ found multiple severe impairments and accordingly proceeded to step three of the evaluation. Based on our precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two. Accordingly, even assuming that Tuggerson–Brown is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Vangile v. Comm'r, Soc. Sec. Admin.*, 695 F. App'x 510, 513-14 (11th Cir. 2017) (per curiam) (unpublished) ("If the ALJ finds any severe impairment, she must proceed to the third step of the analysis. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ... In this case, any step two error the ALJ may have committed by failing to explicitly mention Vangile's chronic mastoiditis was harmless because she found two other severe impairments and proceeded to step three in any event."); *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914–15 (11th Cir. 2014) (per curiam) (unpublished) ("Although the ALJ found that Mr. Freeman's back pain was not a severe impairment, the record demonstrates that she considered and discussed these symptoms at subsequent steps of the sequential analysis. Accordingly, any error in failing to find that Mr. Freeman's lower back pain was severe was harmless because the symptoms were nonetheless considered in the subsequent steps of the ALJ's analysis.").

[10] At oral argument, Laskey's counsel attempted to change course on this claim, instead asserting that the ALJ failed to consider the non-severe impairments at Step Four in determining the RFC. Nowhere is this argument raised in Laskey's briefing, which cites only authority related to the Step Two "severity" determination. (*See* Doc. 16 at 2 – 7). Raising un-briefed issues at oral argument for the first time without a good reason is unfair to the Commissioner, who is not given an adequate opportunity to prepare a response, and contravenes the directive in the Court's standard Social Security Scheduling Order that a claimant's brief list "the specific errors upon which [he] seeks reversal of the Commissioner's decision." (Doc. 7 at 1). Regardless, Laskey has failed to convince the undersigned that the ALJ did not consider Laskey's condition as a whole in reaching her RFC determination, which is also consistent with two medical opinions, including that of an examining physician. *See infra*.

### b. Medical Opinions

Laskey's second and final claim of error is that the ALJ reversibly erred in weighing certain medical opinions. " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). "These factors must be considered both singly and in combination. Presence or

absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citation omitted). However, "the ALJ is not required to explicitly address each of those factors." *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (unpublished).[11]

Laskey first argues that the ALJ erred in assigning great weight to the opinion of consultative examining physician Dr. Alan Sherman that "it may be difficult for [Laskey] to engage in continuous heavy lifting, pushing, pulling, and carrying activities" (R. 386), despite finding that Dr. Sherman's opinion was "somewhat vague…" (R. 18). Laskey claims that this allowed the ALJ to simply "substitute[] her own opinion for that of Dr. Sherman[,]" and that the ALJ instead should have either sought further information from Dr. Sherman or ordered another consultative examination. The undersigned finds no error in this regard.

The ALJ's description of Dr. Sherman's opinion as "somewhat vague" is not unreasonable, given that Dr. Sherman only used the open-ended descriptor "difficult" rather than offering more specific limitations (e.g., how long Laskey could engage in the activities in an 8-hour workday), and his qualification that Laskey only "may" experience such limitations. Nevertheless, Dr. Sherman's opinion explained that, apart from possible difficulty in performing certain heavy work activities on a continuous basis, Laskey would otherwise have "few objective physical limitations to

---

[11] Recently, the SSA substantially revised the regulations governing how it considers medical opinions. However, those revisions only apply to claims filed on or after March 27, 2017, and are therefore inapplicable to Laskey's subject application. *See* 20 C.F.R. § 404.1520c.

mobility or restrictions in activity." (R. 386). The RFC is consistent with that opinion, limiting Laskey to a reduced range of medium, rather than heavy, work.[12]

Moreover, the ALJ's opinion sufficiently shows that she did not rely solely on Dr. Sherman's "vague" opinion in formulating the RFC, but instead considered the opinion in conjunction with the other evidence of record. Laskey's counsel denigrates the RFC as "not supported by a doctor" and as "her" (i.e., the ALJ's) RFC instead. (11/13/18 Oral Argument Recording (Doc. 24)). However, "[a] claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Com'r*, 482 F. App'x 483, 486 (11th Cir. 2012) (per curiam) (unpublished). *See also Pate v. Comm'r, Soc. Sec. Admin.*, 678 F. App'x 833, 834 (11th Cir. 2017) (per curiam) (unpublished) ("[A]lthough the Commissioner will consider opinions from medical sources on issues such as the RFC and the application of vocational factors, the final responsibility for deciding those issues is reserved to the Commissioner." (citing 20 C.F.R. § 404.1527(d)(2))); *Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014) (per curiam) (unpublished) ("Contrary to the district court's reasoning, the ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC. *See* 20 C.F.R. § 404.1545(a)(3) ('We will assess your

---

[12] *See* 20 C.F.R. § 404.1567(c)-(d) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds…Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.").

residual functional capacity based on all of the relevant medical and other evidence.'). Indeed, the pertinent regulations state that the ALJ has the responsibility for determining a claimant's RFC. 20 C.F.R. § 404.1546(c).").[13]

Laskey also argues the ALJ erred in giving great weight to the opinion of state agency medical consultant Dr. Russell March (*see* R. 17), "a non-treating, non-examining, reviewing doctor with no history or relationship to" Laskey. (Doc. 16 at 9). SSA regulations require ALJs to consider the opinions of state agency medical consultants in making disability determinations. *See* 20 C.F.R. §§ 404.1527(e), 404.1513a(b)(1). Laskey complains that "Dr. March's opinion was made at a time when all medical evidence was not of record." (Doc. 16 at 9). However, the ALJ acknowledged as much in her decision, noting that Dr. March "did not review the entire record[,]" but nevertheless found that Dr. March's opinion was "consistent with the overall record" and that "updated medical evidence supports only the addition of environmental limitations to account for [Laskey]'s reported shortness of breath." (R. 17). Laskey offers no challenge to the ALJ's view of the record in this regard, and consistency "with the record as a whole" is a factor properly considered in determining what weight to give medical opinions. *See* 20 C.F.R. § 404.1527(c)(4).

---

[13] Laskey has failed to convince the undersigned that the ALJ was required to either recontact Dr. Sherman about his opinion or order another consultative examination to clarify the opinion. *See Ingram*, 496 F.3d at 1269 ("The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision."); *Couch v. Astrue*, 267 F. App'x 853, 855 (11th Cir. 2008) (per curiam) (unpublished) ("Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled.").

It is true that the "opinions of nonexamining, reviewing physicians,…when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam). However, Dr. March's opinion, that Laskey could perform medium work with certain limitations (*see* R. 17), is not inconsistent with Dr. Sherman's opinion that Laskey might have difficulty performing sustained heavy work activities, and the ALJ clearly considered other record evidence in addition to Dr. March's opinion in making her decision. [14]

Accordingly, Laskey's second and final claim of reversible error is **OVERRULED**. There being no other claims of error raised, the Court finds that the Commissioner's final decision denying Laskey benefits is due to be **AFFIRMED**.

## V. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Laskey's January 28, 2015 application for a period of disability and DIB is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

---

[14] At oral argument, Laskey's counsel claimed, in passing, that the ALJ improperly credited Dr. Sherman and Dr. March's opinions over the opinion of Laskey's treating physician Dr. Stephen Chromiak. The ALJ's decision discusses Dr. Chromiak's treatment notes but does not mention him providing a medical opinion. While Laskey's brief discusses Dr. Chromiak's notes in arguing for the existence of additional severe impairments in his first claim of error, Dr. Chromiak is not mentioned at all in Laskey's second claim of error, and nowhere does Laskey argue that Dr. Chromiak provided a medical opinion that the ALJ failed to address or give due weight. Upon consideration, the undersigned finds that Laskey has forfeited this issue by failing to sufficiently raise it. *See Sapuppo*, 739 F.3d at 681 ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 14th day of June 2019.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**